**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Maurice Morlee Johnson-Bey

     v.                                                    Civil No. 24-cv-075-JL-TSM

FCI Berlin

**REPORT AND RECOMMENDATION**

Plaintiff, Maurice Morlee Johnson-Bey, a prisoner at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin), has filed a motion (Doc. No. 1) for preliminary injunctive relief, seeking an order directing FCI Berlin to provide him with pens, paper, legal-sized envelopes, and law library access, so that he can respond to the government's objection to a post-judgment motion in his criminal case in the Western District of Oklahoma. The preliminary injunction motion has been referred to the undersigned magistrate judge for further proceedings, as necessary, and for issuance of a Report and Recommendation. A hearing is unnecessary, and the district judge should deny Mr. Johnson-Bey's motion for a preliminary injunction, without prejudice.

**Background**

Mr. Johnson-Bey is housed in the FCI Berlin Special Housing Unit ("SHU"), where he has limited access to the law library and to stationery supplies that he would have been able to purchase through the commissary in the general prison population – specifically, pens, 8½ x 11 paper, and legal-sized manila envelopes. He states that he complained to the SHU lieutenant about his lack of access to such resources. He asserts that he was told he will not get manila envelopes, but the

staff was "working on" getting him 8½ x 11 paper.  He was also told he would have law library access when time slots become available, after his case manager verifies he has an open case.

Mr. Johnson-Bey has a pending post-judgment matter in his criminal case in the Western District of Oklahoma, see United States v. Johnson-Bey, No. 5:14-cr-00342-SLP-1 (W.D. Okla.).  The docket there shows that in February 2024, Mr. Johnson-Bey filed a motion for sentence reduction, see Feb. 7, 2024 Motion, id. (ECF No. 152).  Mr. Johnson-Bey also filed two "notices" docketed there on March 12 and 13, 2024.  See Notices (ECF Nos. 157, 158).  The government filed its objection to the sentence reduction motion on March 13, 2024.  See Mar. 13, 2024 Resp. in Opp., id. (ECF No. 159).  No ruling has been issued on those matters.

In his motion for a preliminary injunction here (Doc. No. 1), Mr. Johnson-Bey says he fears that before he has law library time or the stationery supplies he wants, he will be time-barred from responding in his criminal case, or the sentencing court will consider his failure to respond to manifest his assent to the government's arguments.  Mr. Johnson-Bey asks this court for immediate court-ordered access to the law library and to the stationery supplies he wants.

**Preliminary Injunction Standard**

"'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Glossip v. Gross, 576 U.S. 863, 876 (2015).  The likelihood of success and irreparable harm are factors that weigh most heavily in the analysis.  See Esso Std. Oil Co. v. Monroig–Zayas, 445 F.3d 13, 18 (1st

Cir. 2006); see also Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011).  The burden of proof is on the movant.  See Esso Std. Oil Co., 445 F.3d at 18.

### **Discussion**

Mr. Johnson-Bey's motion for a preliminary injunction is based on claims that the cited restrictions in SHU could deny him his federal constitutional right of access to the courts, given what he fears might become of his sentence reduction motion.  His fears and allegations regarding his pending motion are too speculative to ground his request for a preliminary injunction here.

Mr. Johnson-Bey demonstrated  he can file completely legible pleadings, without the specific pens, paper, and envelopes he wants.  The instant motion (Doc. No. 1) is one example. The plaintiff appears to have used a pencil, lined white notebook paper, and a standard-sized white envelope to file it.  The docket in his criminal case also shows he filed two notices there at essentially the same time he filed his pleading here, using those same supplies.

What the record in his criminal case further reveals is the absence of a motion for leave to file a reply brief and for sufficient time to do so.[1]  Mr. Johnson-Bey's filings do not suggest a reason for his failure to file such a motion there, using the materials he used to file this action here. Until the plaintiff shows that he needs this court's injunction to avoid actual and irreparable injury in that case, he cannot obtain a preliminary injunction here.  Accordingly, the district judge should

---

[1] As there is no applicable statute or federal or local rule concerning reply briefs in post-judgment sentence reduction proceedings, the timing of any reply brief Mr. Johnson-Bey may be allowed to file in his criminal case is within the discretion of that court.  See, e.g., United States v. Lujan, No. CR-10-00053-PRW, 2021 WL 3204492, at *1, 2021 U.S. Dist. LEXIS 140691, at *2 (W.D. Okla. July 28, 2021) (sentencing court ordered defendant to reply to government's objection after court reviewed defendant's motion, as well as government's objection); cf. W.D. Okla. LCrR12.1(c) (reply briefs in pretrial motion practice permitted only with leave of court).

deny the motion for a preliminary injunction (Doc. No. 1), without prejudice to Mr. Johnson-Bey's

ability to file a similar motion if he can establish the prerequisites for the relief he seeks.

### Conclusion

For the foregoing reasons, the district judge should deny Mr. Johnson-Bey's motion for a

preliminary injunction (Doc. No. 1) without prejudice.  Mr. Johnson-Bey may file a new motion

for such relief if he can show irreparable harm, a likelihood of success on the merits, and that the

equities and public interest warrant court-ordered relief.

Any objections to this Report and Recommendation must be filed within fourteen days of

receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended

upon motion.  Failure to file objections within the specified time waives the right to appeal the

district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

March 27, 2024

cc:     Maurice Morlee Johnson-Bey, pro se